**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GRAN SABANA CORPORATION N.V.,

        Plaintiff,

    v.

MITCHELL H. KOSSOFF,

        Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/19/2021

Civ. Action No: 21 Civ. 03154 (RA)

ORDER FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

WHEREAS, upon the application of Plaintiff Gran Sabana Corporation N.V. ("Gran Sabana"), by its counsel, Pillsbury Winthrop Shaw Pittman LLP, the Declarations of Giorgio Angelini and Carolina A. Fornos, dated April 12, 2021, and the Complaint and Memorandum of Law annexed thereto, this Court found on April 14, 2021 (ECF No. 11) (the "April 14 Order") sufficient cause to issue a temporary restraining order, restraining the Defendant Mr. Mitchell H. Kossoff ("Kossoff") from the following actions pending a preliminary injunction hearing:

(1) Using any bank accounts owned or controlled by him at J.P. Morgan Chase Bank, Valley National Bank, and Signature Bank, including any other bank accounts that may contain the Escrow Funds or evidence of where the Escrow Funds were transferred;

(2) Transferring, dissipating or otherwise disposing of any of his assets or Gran Sabana's Escrow Funds wherever they are located and whether directly or indirectly controlled by Kossoff at this time.

WHEREAS, pursuant to the April 14 Order, this Court found good cause to grant Gran Sabana's request for expedited discovery and further grant Gran Sabana's request to issue subpoenas for production of documents and testimony;

WHEREAS, a hearing was held on April 16, 2021, and the Court having made findings of fact and law read into the record that:

(1) Service of process of the Complaint and all related filings on Kossoff was proper;

(2) Gran Sabana has established a likelihood of success on the merits with respect to its claims for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, and legal malpractice;

(3) Gran Sabana has established irreparable harm because there is evidence that any judgment obtained by Gran Sabana in this action against Kossoff will be uncollectible. *See Quantum Corporate Funding, Ltd. v. Assist You Home Health Care Servs. of Va.*, 144 F. Supp. 2d 241 (S.D.N.Y. 2001); and

(4) The balance of the equities tips in Gran Sabana's favor because any injunction will merely require Kossoff to perform his legal duties, while Gran Sabana faces irreparable harm absent the issuance of an injunction; and

(5) An injunction would not disserve the public interest.

NOW, THEREFORE, IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED that, sufficient cause having been shown, pending the disposition of this action, Kossoff shall be preliminarily enjoined as follows:

(1) Enjoining Kosoff's use of any bank accounts owned or controlled by him at Chase Bank, Valley Bank, and Signature Bank which may contain the Escrow Funds or evidence of where the Escrow Funds were transferred;

(2) Enjoining Kossoff from transferring, dissipating or otherwise disposing of any of his assets or Gran Sabana's Escrow Funds wherever they are located and whether directly or indirectly controlled by Kossoff at this time.

ORDERED that, sufficient cause having been shown, pending the disposition of this action, bank accounts owned or controlled by Kossoff at J.P. Morgan Chase Bank, Valley National Bank, Signature Bank, or any other bank which may contain the Escrow Funds or evidence of where the Escrow Funds were transferred, be frozen, except for Kossoff PLLC accounts;

ORDERED that, Plaintiff having shown good cause for seeking expedited discovery under the circumstances of this case, *see Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005), Gran Sabana's request for limited expedited discovery pursuant to Fed. R. Civ. P. 26(d) is GRANTED, and Gran Sabana is permitted to issue:

a. Subpoenas to J.P. Morgan Chase Bank, Valley National Bank, and Signature Bank for the purpose of identifying all accounts owned or controlled by Kossoff and obtaining bank records of those accounts, including but not limited to, records of wire transfers to or from Kossoff's accounts from 2018 to the present and identification of any assets Kossoff may have to satisfy a judgment;

b. To the extent the subpoena responses to the aforementioned banks identify additional accounts or locations of assets, supplemental subpoenas to trace the funds or assets;

c. Subpoena to Julia McNally, bookkeeper at Kossoff, PLLC, for testimony relating to the current location of escrow funds.

ORDERED, that Gran Sabana is not required to provide an undertaking in support of this preliminary injunction.

Plaintiff shall file an update on the status of this litigation no later than May 19, 2021.

DATED: New York, New York

ISSUED: April 19, 2021

_____
Ronnie Abrams
United States District Judge