UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x      1:21-cv-03154-RA

GRAN SABANA CORPORATION N.V.,

                      *Plaintiff*,

   -against-

MITCHELL H. KOSSOFF,

                      *Defendant*.

------------------------------------------------------------------------ x

**DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**CHRISTOPHER D. SKOCZEN, ESQ.,** an attorney duly admitted to practice law in the State of New York, being duly sworn, deposes and says:

1. I am associated with the law firm, FURMAN KORNFELD & BRENNAN LLP, attorneys for Defendant, MITCHELL H. KOSSOFF ("Attorney Kossoff") in the above-captioned matter. I am familiar with the facts and circumstances herein based on a review of the contents of the file maintained by my firm.

2. This Declaration is respectfully submitted in support of the within motion on behalf of Attorney Kossoff seeking an Order pursuant to Federal Rules of Civil Procedure 65 staying the above-captioned action and issuing a preliminary injunction preventing the entry of any order by Plaintiff Gran Sabana Corporation N.V. ("Plaintiff") pending the resolution of a related criminal investigation by the Manhattan District Attorney's Office and subject to the automatic stay provisions of the Bankruptcy Law. This action must be stayed to preserve and protect Attorney Kossoff's constitutional right against self-incrimination and to protect the public interest in the proper administration of the related criminal investigations. The action must also be stayed to allow for the proper adjudication of the pending bankruptcy proceeding of Kossoff PLLC.

1

**STATEMENT OF FACTS**

3. Plaintiff alleges various civil causes of action against Attorney Kossoff concerning alleged mishandling of escrow funds allegedly provided by Plaintiff to Attorney Kossoff. *See* Ex. A, Summons and Complaint, ¶ 1.

4. The District Attorney for the County of New York recently commenced a criminal investigation of Attorney Kossoff concerning the same allegations of mishandled escrow funds. To that end, the District Attorney obtained a Search Warrant from the Criminal Court of the County of New York on or about April 15, 2021 for the purpose of investigating Attorney Kossoff in regard to allegations of grand larceny. The Search Warrant was signed by the Honorable Josh E. Hanshaft, J.C.C. on April 15, 2021. *See* Ex. B, Search Warrant.

5. Attorney Kossoff has retained Walter Mack, Esq. to represent Attorney Kossoff in defense of the criminal investigation involving the same alleged mishandling of escrow funds. Attorney Mack affirms that Plaintiff's allegations in this action are at issue in the related criminal investigation. Consequently, any representations or documentation provided by Attorney Kossoff in the instant matter could compromise Attorney Kossoff's Fifth Amendment constitutional rights in the related criminal proceeding. *See* Ex. C, Declaration of Walter Mack.

6. Gran Sabana filed an involuntary petition against Kossoff PLLC under Title 11 of the United States Code on April 13, 2021, requesting an order for relief under Chapter 7 of the Bankruptcy Code. *See* Ex. D, Summons To Debtor in Involuntary Case.

7. On June 25, 2021, the Honorable David S. Jones, United States Bankruptcy Judge, issued an Order designating Attorney Kossoff as the Responsible Officer of the Debtor (Kossoff PLLC). *See* Ex. E, Order Designating Mitchell H. Kossoff As The Responsible Officer of the

Debtor. The Order designated Attorney Kossoff as the person responsible for performing the Debtor's duties in the Bankruptcy petition. *See* Ex. E, p. 2.

8. The Order noted that "if Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right against self-incrimination, Kossoff shall so state, with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue." *See* Ex. E, p. 2.

## LEGAL ARGUMENT

### POINT I

### THIS CIVIL ACTION MUST BE STAYED PENDING THE CRIMINAL INVESTIGATION OF ATTORNEY KOSSOFF

9. The instant action must be stayed to protect Attorney Kossoff's constitutional rights and the proper administration of justice. Any statement, representation, or documentation provided by Attorney Kossoff in this civil case would impact the criminal investigation and compromise Attorney Kossoff's constitutional rights in the criminal proceeding. It is therefore imperative that a stay be imposed on the instant matter at least temporarily to allow for the criminal investigation to proceed.

10. The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S.C.A. Const. Amend. 5. The Fifth Amendment privilege against self-incrimination, which "can be asserted in any proceeding, civil or criminal, ... protects against any disclosures which the [individual] reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. U.S.*, 406 U.S. 441, 444-445 (1972). The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the *possibility* of prosecution. *Carter -Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F.Supp. 45 (S.D.N.Y. 1982) (emphasis

3

added). The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

11. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). In evaluating whether the "interests of justice" favor a stay, courts have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment, which provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012), *citing* U.S. Const. Amend. V.

12. Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

13. Of particular import is the extent to which the issues in the civil matter and the criminal matter overlap. *In re Worldcom Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. 2002). "Granting a stay of a civil proceeding to await the outcome of a pending parallel criminal investigation is appropriate when the interests of justice seem ... to

require such action." *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992). Each case requires a particularized inquiry. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98. The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter. *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

14. In the instant matter, Plaintiff's allegations against Attorney Kossoff directly overlap with the pending criminal investigation and thus implicate Attorney Kossoff's privilege to not admit or deny such allegations in accordance with Attorney Kossoff's constitutional right against self-incrimination. *See* Ex. A. The Search Warrant indicates that Attorney Kossoff is under investigation for allegations of grand larceny, while Plaintiff in this action alleges conversion of its monies placed in escrow. *See* Ex.'s B, A. As such, the prosecution of this civil case (including filing responsive pleadings, responding to written discovery demands, any examination before trial, etc.) would require Attorney Kossoff to respond to allegations directly at issue in the criminal investigation.

15. While Attorney Kossoff has not been indicted to date, this places him in an even more precarious position, as any position he takes in the civil proceeding would impact his potential exposure in the criminal matter. *See Doe v. Indyke*, 2020 WL 5518384 (S.D.N.Y. 2020)(stay imposed where civil action could compromise defendant's criminal defense). Placed in such a position of jeopardy, Attorney Kossoff would have to plead the Fifth Amendment to ensure that he preserves his constitutional rights in the criminal proceeding. In this regard, even the Bankruptcy proceeding recognizes Attorney Kossoff's potential assertion of his Fifth Amendment rights in regard to his representation of Kossoff PLLC. *See* Ex. E, p. 2. It is therefore of the utmost importance that this matter be stayed to protect Attorney Kossoff's constitutional

rights and to protect the public interest in the proper, unimpeded administration of the pending criminal investigation.

16. In *Volmar Distributors, Inc.*, the plaintiffs brought an action against defendants alleging antitrust and civil RICO violations in relation to an alleged conspiracy involving newspaper distribution, while the defendants were also indicted on criminal charges. Defendants sought to stay the civil action in order to preserve their Fifth Amendment right not to incriminate themselves. The Court noted five factors for consideration in weighing a possible stay: 1) the interests of the plaintiffs, 2) the interests of the defendants, 3) the interests of the courts, 4) the interests of persons not parties to the civil litigation, and 5) the public interest. *Volmar Distributors, Inc.*, 152 F.R.D. 36, 39.

17. In imposing a stay on the civil action, the Court noted that the "most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Id*. The Court also found that plaintiffs would not suffer prejudice, since the criminal justice system would ensure no evidence was destroyed. *Id*. While acknowledging that the plaintiffs would be inconvenienced by a stay, the Court noted that "the Fifth Amendment is the more important consideration." *Id.*

18. As in *Volmar*, here the civil and criminal matters clearly overlap, and the plaintiffs have an interest in having Attorney Kossoff appear and produce discovery. However, as in *Volmar*, Attorney Kossoff's Fifth Amendment rights must be the most important consideration, not only for Attorney Kossoff but for the public interest in respecting Constitutional rights. *Id*.

19. It is therefore respectfully requested that the Court issue a stay of this matter and preliminary injunction preventing any judgments against Attorney Kossoff pending the criminal investigation of Attorney Kossoff.

## POINT II

## A STAY OF THIS ACTION IS REQUIRED PURSUANT TO THE BANKRUPTCY PROCEEDING

20. Plaintiff's action must also be stayed due to the stay automatically applied to civil actions pending a bankruptcy petition, pursuant to 11 U.S.C.A. § 362. The statute specifies that

> "a petition filed under… section 303 (involuntary petition) of this title… operates as a stay, applicable to all entities, of
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title…
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate….

11 U.S.C.A. § 362.

21. Federal Rules of Bankruptcy Procedure 9001(5) defines "debtor." FRBP 9001(5). The Rule states that "when any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control; (B) if the debtor is a partnership, "debtor" includes any or all of its general partners or, if designated by the court, any other person in control." *Id*.

22. While the instant matter names only Attorney Kossoff as a defendant, and not Kossoff PLLC, this distinction has no significance. Attorney Kossoff, by the Bankruptcy Court's Order, the designated Responsible Officer of Kossoff PLLC, the Debtor. *See* Ex. E. Thus, pursuant to FRBP 9001(5), Attorney Kossoff is considered the "debtor." FRBP 9001(5).

7

23.     In *Securities & Exchange Commission v. Brennan*, 230 F.3d 65 (2d Cir. 2000), the principal of a broker-dealer and his firm were ordered to disgorge funds found to be fraudulently obtained, and the principal of the firm declared bankruptcy. The SEC moved for an order allowing seizure of the firm's funds. The Second Circuit Court of Appeals held that the action was subject to a bankruptcy stay pursuant to 11 U.S.C.A. § 362, such that the SEC's action violated the stay. Id. at 71. The Court noted that the general policy behind § 362 was to grant complete, if temporary, relief from creditors, while preventing dissipation of the debtor's assets before orderly distribution to creditors can be effected. *Id*. at 70.

24.     As in *Brennan*, here Attorney Kossoff is the principal of Kossoff PLLC. Further, the Bankruptcy Court has recently designated Attorney Kossoff as the Responsible Officer of the Debtor. *See* Ex. E, p. 2. This action must therefore be stayed pursuant to 11 U.S.C.A. § 362 to avoid piecemeal litigation against the bankruptcy estate, under the guise of suing Attorney Kossoff individually.

## CONCLUSION

25.     For the foregoing reasons, it is respectfully requested that Attorney Kossoff's motion for a stay of this matter and preliminary injunction be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 30, 2021

*/s/ Christopher D. Skoczen*
Christopher D. Skoczen, Esq.
Aaron M. Barham, Esq.
