# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAN SABANA CORPORATION N.V., | |
| Plaintiff, | Civ. Action No.: |
| v. | **COMPLAINT** |
| MITCHELL H. KOSSOFF, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Gran Sabana Corporation N.V. ("Gran Sabana" or "Plaintiff") by and through its undersigned attorneys, for its Complaint against Defendant Mitchell H. Kossoff ("Kossoff"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for professional negligence, breach of fiduciary duty, breach of contract, conversion, and unjust enrichment. The action arises from potentially criminal acts committed by Kossoff, whereby Kossoff violated his duties to Gran Sabana in his capacity as Gran Sabana's attorney and the sole attorney controlling the escrow account where Gran Sabana's funds were held. This Complaint is filed to hold Kossoff accountable for his egregious misconduct, to seek return of Gran Sabana's funds which exceed $4.5 million, and to protect Gran Sabana from further imminent harm as a direct result of Kossoff's actions.[1]

2. Over the course of several years, spanning from 2014 to 2021, Gran Sabana had an attorney-client relationship with Kossoff relating to various real estate transactions. In exchange for legal fees, Kossoff agreed to represent Gran Sabana as its attorney in closing those transactions

---

[1] *See, e.g.*, https://therealdeal.com/2021/04/08/landlords-seeking-millions-from-real-estate-attorney-who-disappeared/ (reporting that Kossoff has disappeared after multiple clients sought their funds held in escrow).

and also agreed to hold Gran Sabana's funds in escrow to be used for those transactions. Unbeknownst to Gran Sabana, however, Kossoff had other plans for its funds. Rather than hold the money for the anticipated real estate transactions – as Kossoff agreed to do (and was bound to do by legal and ethical requirements) – Kossoff siphoned Gran Sabana's funds, as well as the funds of other clients, out of the escrow account for his own personal use.[2]

3. Indeed, when Gran Sabana called Kossoff's office to ask for its funds to complete the real estate transactions at issue, it was informed that *all of Gran Sabana's funds were missing* from the escrow account—totaling a loss of no less than $4.5 million. As a result of Kossoff's egregious misconduct, Gran Sabana has lost millions of dollars and its long-term investments are jeopardized.

4. Accordingly, Gran Sabana has been left with no choice but to initiate this action, seeking an order enjoining Kossoff from further malfeasance and seeking expedited discovery to try and locate and repossess Gran Sabana's funds.

## THE PARTIES

5. Plaintiff Gran Sabana is a corporation organized under the laws of Curaçao with its principal place of business in Miami, Florida. At all relevant times, Gran Sabana has been involved in the real estate and hotel business.

---

[2] Gran Sabana is not the only victim. *See, e.g.*, *SSM Realty Group II LLC v. Kossoff PLLC, et al.*, No. 652305/2021 (Sup. Ct. N.Y. Cty. 2021) (filed Apr. 7, 2021) (alleging that approximately $1.3 million was transferred to Kossoff to be held in escrow pending closure of real estate transaction; however, Kossoff "failed and refused to return Plaintiff's escrowed funds"); *see also 537 Realty Assocs. LLC v. Kossoff, PLLC, et al.*, No. 652289/2021 (Sup. Ct. N.Y. Cty. 2021) (filed Apr. 7, 2021) (alleging that approximately $2.59 million was transferred to Kossoff to be held in escrow; however, Kossoff never made wire transfer and plaintiff is unaware of "the disposition of the sale proceeds"); *see also Friedrich v. Kossoff, PLLC, et al.*, No. 153465/2021 (Sup. Ct. N.Y. Cty. 2021) (filed Apr. 9, 2021) (alleging that approximately $291,000.00 was transferred to Kossoff to be held in escrow and transferred to a third-party to settle an action; however, Kossoff never tendered the settlement payment on plaintiff's behalf and now escrowed money is "missing").

6. Defendant Kossoff is a resident and domiciliary of New York. At all relevant times, Kossoff has been an attorney, hired by Gran Sabana to represent it in real estate transactions in New York and to hold several millions of dollars in escrow pending the closing of those real estate transactions. Kossoff is the managing member of Kossoff, PLLC, his law firm which, upon information and belief, was not run as a partnership but rather as his own personal business.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Kossoff because at all relevant times, Kossoff has resided in New York. Furthermore, this Court has personal jurisdiction over Kossoff because Kossoff has committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district. Venue in this district is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, or omissions giving rise to Gran Sabana's claims occurred in this district.

## FACTUAL BACKGROUND

10. Gran Sabana is in the business of purchasing, selling, and renting real estate properties and involved in the operation of hotels in various locations. The real estate transactions at issue in this action relate to apartments in New York City.

11. To carry on its business, Gran Sabana required the assistance of experienced real estate attorneys.

3

12. Accordingly, in or around 2014, Gran Sabana retained the services of Kossoff, who held himself out as an experienced real estate attorney willing to assist Gran Sabana in closing several real estate transactions in New York City. Specifically, Kossoff was the managing member of Kossoff, PLLC and executed several agreements with Gran Sabana in his capacity as such.

13. Kossoff agreed to be Gran Sabana's attorney in connection with Gran Sabana's routine real estate transactions and, as part of that relationship, Gran Sabana would transfer funds to Kossoff to be held in escrow from time to time.

14. Several years into the parties' relationship, Gran Sabana requested a formal escrow agreement, which the parties executed on May 16, 2019 (the "Escrow Agreement"). In accordance with the Escrow Agreement, Gran Sabana provided Kossoff with approximately $1,040,000.00 (in addition to $300,000.00 already deposited with Kossoff) of Gran Sabana's funds to be held in escrow pending the closing of specific real estate transactions.

15. Thereafter, over the course of several years, Gran Sabana continued to place funds in escrow for different real estate transactions. In total, Gran Sabana provided Kossoff with more than eight million dollars throughout the legal engagement. At issue in this lawsuit is approximately $4.5 million of Gran Sabana's funds (the "Escrow Funds") which Kossoff has refused to provide back to Gran Sabana.

16. At all relevant times, Kossoff maintained an "IOLA trust account" into which Gran Sabana's funds were to be deposited and held (the "IOLA Account"). The IOLA Account was specifically designated as the "Escrow Account" in the agreement between the parties.

17. Kossoff promised to place Gran Sabana's Escrow Funds into the IOLA Account and the parties' mutual understanding was that Kossoff would hold the funds in escrow pending the closing date of the transactions. Then, at the time of the closing of each transaction, Kossoff

4

was required to transfer the requisite portion of the Escrow Funds to the seller involved on the opposite side of the transaction.

18. Per the terms of the Escrow Agreement, Kossoff agreed to "hold the Escrow Funds in escrow on the terms and conditions hereinafter set forth." Specifically, Kossoff agreed to "deposit the Escrow Funds in [his] IOLA trust account . . . and shall hold such funds and other property as [Gran Sabana] may deposit with [Kossoff] from time to time."

19. Furthermore, any and all "withdrawals or disbursements of cash, checks or other property from the Escrow Account related to these Escrow Funds shall be made only upon [Kossoff's] receipt of a detailed instruction letter signed by [Gran Sabana] providing [Kossoff] with instructions to make such disbursement." The Escrow Agreement, and the funds disbursed to Kossoff in connection therewith, is just one example of Gran Sabana's many deposits with Kossoff to be held in escrow.

20. As managing member of Kossoff PLLC, and the sole signatory of the firm's IOLA Account, Kossoff exercised exclusive control over the Escrow Funds. That account was maintained at Chase Bank, Account Number ending in 9936. Upon information and belief, Kossoff also maintained or had control over bank accounts located at Valley National Bank and Signature Bank.

21. For his work in connection with the real estate transactions as Gran Sabana's attorney, Gran Sabana paid to Kossoff approximately $600,000.00 since 2014, representing legal fees and costs.

22. After paying Kossoff's legal fees and providing Kossoff with millions of dollars to be held in escrow pending the closing of several real estate transactions, and otherwise complying

5

with all its obligations under the parties' relevant agreements, Gran Sabana expected for Kossoff to perform his duties under the agreements. Instead, Kossoff committed egregious misconduct.

23. Specifically, unbeknownst to Gran Sabana, Kossoff was siphoning off Gran Sabana's Escrow Funds for his own personal use. On April 7, 2021, Gran Sabana was informed by a business associate of Kossoff that there were no funds available in escrow for Gran Sabana's contemplated real estate transactions and that the exact whereabouts of Kossoff were unknown.

24. Gran Sabana thereafter made repeated demands upon Kossoff to perform his duties as Gran Sabana's attorney, but Kossoff failed to perform these duties. At the time of the filing of this Complaint, Gran Sabana has no knowledge of the whereabouts of its Escrow Funds that were deposited with Kossoff. Moreover, Gran Sabana has been unable to locate Kossoff, prompting further concern on Gran Sabana's behalf that Kossoff is misappropriating and/or relocating Gran Sabana's Escrow Funds.[3]

25. Upon information and belief, Gran Sabana's Escrow Funds were deposited by Kossoff into Kossoff's IOLA Account but were then used by Kossoff for personal needs and luxuries, in clear violation of the parties' Escrow Agreement and Kossoff's fiduciary duty to Gran Sabana.

26. Kossoff's actions not only put Gran Sabana's Escrow Funds – totaling over four million dollars – at risk, but it is also jeopardizing years of planning and investments in which Gran Sabana has been engaged. The real estate transactions with which Kossoff was assisting are part of a long-term investment plan. Without its Escrow Funds to close on these real estate transactions, Gran Sabana's long-term development plans are at risk, as is its goodwill and

---

[3] See, e.g., https://commercialobserver.com/2021/04/real-estate-lawyer-mitch-kossoff-missing-amid-escrow-fund-lawsuits/

6

reputation. Moreover, after being left in limbo regarding its Escrow Funds, Gran Sabana has incurred additional expenses including, but not limited to, legal fees and costs.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

27. Gran Sabana repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Kossoff, on more than one occasion, assumed contractual duties to Gran Sabana by means of a written escrow agreement between Kossoff and Gran Sabana as well as by agreeing to accept funds and promising to hold those funds in escrow for the benefit of Gran Sabana. For example, on May 16, 2019, Kossoff agreed to hold certain funds in escrow in connection with several real estate transactions.

29. Gran Sabana fully performed its obligations to Kossoff under the Escrow Agreement.

30. Kossoff failed to perform his duties under the relevant Escrow Agreement, whereby Kossoff failed to transfer the appropriate amount of Escrow Funds upon the closing of the real estate transactions.

31. As a direct result of Kossoff's failure to perform his contractual duties, Gran Sabana suffered actual damages in an amount not less than $4,506,349.25, in addition to damages associated with the delays relating to its real estate transactions. Furthermore, Gran Sabana seeks a refund of its legal fees that were paid to Kossoff in connection with the real estate transactions.

32. Kossoff is liable in damages for such breaches, to be determined at trial, but in no event less than $4,506,349.25.

## SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

33. Gran Sabana repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

34. By reason of an attorney-client relationship, Kossoff assumed a fiduciary duty of loyalty, fidelity, diligence and good faith towards Gran Sabana.

35. The aforementioned acts of Kossoff, including the siphoning of Gran Sabana's Escrow Funds for Kossoff's personal use and in violation of the parties' Escrow Agreement, breached those duties.

36. Kossoff's retention and personal use of Gran Sabana's Escrow Funds, which Kossoff was obligated to transfer upon the closing of the real estate transactions, amounted to malfeasance, misconduct and a breach of Kossoff's duties to Gran Sabana.

37. As a direct result of Kossoff's malfeasance and misconduct, Gran Sabana has suffered damages in an amount not less than $4,506,349.25, and has and will continue to sustain additional damages due to the failure to close on several real estate transactions. Specifically, without its Escrow Funds, Gran Sabana has been unable to close several contemplated real estate transactions and has further harmed Gran Sabana's reputation and goodwill.

38. Kossoff is liable in damages for such breaches, to be determined at trial, but in no event less than $4,506,349.25.

## THIRD CAUSE OF ACTION
### (CONVERSION)

39. Gran Sabana repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

40. Gran Sabana had and has a possessory right to the Escrow Funds deposited into Kossoff's Escrow Account, which Kossoff agreed to hold in escrow for Gran Sabana until Gran Sabana directed otherwise.

41. Gran Sabana has demanded that its Escrow Funds be delivered to it in accordance with the terms set forth in the parties' Escrow Agreement.

42. However, Kossoff has refused to deliver Gran Sabana's Escrow Funds back to it.

43. By retaining and refusing to deliver Gran Sabana's Escrow Funds back to it, Kossoff has exercised dominion and control over property that lawfully belong to Gran Sabana, in derogation of Gran Sabana's possessory right.

44. Accordingly, Kossoff has converted Gran Sabana's Escrow Funds in the amount of $4,506,349.25. Kossoff is liable in damages for such conduct, to be determined at trial, but in no event less than $4,506,349.25.

**FOURTH CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

45. Gran Sabana repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

46. By way of Kossoff's unlawful conduct (described above), Kossoff was enriched by retaining Gran Sabana's Escrow Funds.

47. Kossoff was enriched at Gran Sabana's expense.

48. Equity and good conscience militate against permitting Kossoff to retain these funds.

49. Accordingly, Kossoff is liable in damages for such conduct, to be determined at trial, but in no event less than $4,506,349.25.

9

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE – LEGAL MALPRACTICE)

50. Gran Sabana repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

51. Kossoff's acts and omissions alleged herein constitute professional negligence and attorney malpractice in that Kossoff failed to assure that key elements of the services they agreed to provide for Gran Sabana. That is, Kossoff failed to retain Gran Sabana's escrow funds in escrow for the contemplated real estate transactions and, as a result, Kossoff failed to transfer the funds necessary to close the contemplated transactions—which Kossoff was expressly retained to do.

52. As the attorney representing Gran Sabana, Kossoff had a duty as a professional to use such skill, prudence, and diligence as other members of his profession practicing in the legal community of New York City commonly exercise.

53. By failing to assure that Gran Sabana's Escrow Funds were transferred upon closing of the several contemplated real estate transactions, Kossoff breached his duty.

54. Kossoff's failure to assure that the Escrow Funds were transferred at the time of the closing of the several contemplated real estate transactions amounted to negligence.

55. Kossoff's removal of those funds without client approval and for his own benefit amounted to breach of his professional responsibilities.

56. As a result of Kossoff's negligence and malpractice, Kossoff is liable in damages for such conduct, to be determined at trial, but in no event less than $4,506,349.25.

**PRAYER FOR RELIEF**

**WHEREFORE**, Gran Sabana respectfully demands judgment against Kossoff as set forth below:

1. On the First through Fifth Causes of Action, damages by reason of Kossoff's breach of contract, breach of fiduciary duty, conversion, unjust enrichment and professional malpractice, in an amount to be determined at trial, but in no event less than $4,506,349.25;

2. Prejudgment and post judgment interest;

3. Attorneys' fees, costs and expenses; and

4. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury on all Causes of Action in this Complaint.

Dated: April 12, 2021

PILLSBURY WINTHROP SHAW PITTMAN LLP

BY: */s/ Carolina A. Fornos*

Carolina A. Fornos
31 West 52nd Street
New York, NY 10019-6131
Tel.: 212-858-1000
Fax: 212-858-1500
carolina.fornos@pillsburylaw.com
*Attorneys for Plaintiff Gran Sabana Corporation, N.V.*

11