# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x    1:21-cv-03154-RA
GRAN SABANA CORPORATION N.V.,                                   :
                                                                :
              *Plaintiff*,                          :
   -against-                                                   :    **DECLARATION OF**
                                                                :    **WALTER MACK, ESQ.**
MITCHELL H. KOSSOFF,                                            :
                                                                :
              *Defendant*.                         :
-------------------------------------------------------------------x

    **WALTER MACK, ESQ.,** an attorney duly admitted to practice law in the State of New York, declares the following to be true, under penalties of perjury pursuant to 28 U.S.C. § 1746:

    1.    I am a Partner with the criminal defense law firm of Doar Rieck Kaley & Mack based in New York, NY.

    2.    I respectfully submit this affirmation in support of the within motion on behalf of Defendant, MITCHELL H. KOSSOFF ("Attorney Kossoff") seeking an Order staying the above-captioned action pending the resolution of related criminal investigations by the Manhattan District Attorney's Office and the United States Attorney's Office for the Eastern District of New York.

    3.    It is my understanding, from reviewing the complaint in the instant action, that the plaintiff alleges damages arising from Attorney Kossoff's purported mishandling of certain escrow funds.

    4.    Attorney Kossoff has retained my firm to represent him in defense of criminal investigations by the Manhattan District Attorney and U.S. Attorney's Office involving similar allegations regarding purported mishandling of escrow funds. Furthermore, duly appointed SDNY Bankruptcy Trustee Albert Togut seeks a stay so that he can proceed before the SDNY Bankruptcy Judge David Jones to compel Mr. Kossoff to provide documents that may or not exist and to

1

challenge Mr. Kossoff's assertion of the Fifth Amendment wherever he seeks to do so and initially to do so in a Chapter 7 Liquidation Proceeding.

5.  The plaintiff's allegations in this civil case are directly at issue in the related criminal investigations. Consequently, any statements, representations or documentation Attorney Kossoff provides in the instant matter would compromise Attorney Kossoff's Fifth Amendment constitutional rights in the related criminal proceedings. It is therefore imperative that a stay be imposed on the instant matter to allow for the criminal investigations to proceed.

_____
WALTER MACK, ESQ.