PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos
31 West 52 Street
New York, NY 10019-6131
Telephone:  (212) 858-1000
Facsimile:  (212) 858-1500
carolina.fornos@pillsburylaw.com

*Attorneys for Plaintiff Gran Sabana Corporation N.V.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAN SABANA CORPORATION N.V., | |
| Plaintiff, | Civ. Action No.: 1:21-cv-03154-RA |
| v. | |
| MITCHELL H. KOSSOFF, | |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT MITCHELL H. KOSSOFF'S ORDER TO
SHOW CAUSE FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ............................................................................................ 1

PROCEDURAL HISTORY.................................................................................................... 2

    I.  The Current Litigation ................................................................................... 2

    II.  The Kossoff PLLC Bankruptcy ...................................................................... 3

ARGUMENT ......................................................................................................................... 4

    I.  Kossoff has Not Met his Burden Warranting the Extraordinary Remedy of a Stay Based on Speculative Fifth Amendment Considerations..................................... 4

        A.  Factors One and Two: Kossoff has not been Indicted ................. 5

        B.  Factor Three: The Burden on Kossoff is Minimal........................ 7

        C.  Factor Four: Granting a Stay would result in Substantial Prejudice to Gran Sabana ................................................................ 8

        D.  Factors Five and Six: The Interests of the Public and Judicial Interests Weigh Against a Stay ................................................... 8

        E.  The Circumstances of the Case Militate Against the Stay........................... 9

    II.  A Stay Is Not Warranted Based on the Bankruptcy Filing Against Kossoff PLLC ......... 10

CONCLUSION..................................................................................................................... 12

4833-9420-6705

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arden Way Assocs. v. Boesky*,
   660 F. Supp. 1494 (S.D.N.Y. 1987) ......................................................................... 6

*Bernard v. Lombardo*,
   No. 16 Cv. 863 (RMB), 2017 WL 2984022, at *2 (S.D.N.Y. June 9, 2017) ............... 4, 5, 7, 8

*Capak v. Epps*,
   No. 18-CV-4325 (RA), 2018 WL 6726553 (S.D.N.Y. Dec. 21, 2018) ..................... 5

*Citibank, N.A. v. Super Sayin' Pub., LLC*,
   86 F. Supp. 3d 244 (S.D.N.Y. 2015) ......................................................... 5, 7, 8, 12

*Doe v. Indyke*,
   No. 20cv00484 (JGK) (DF), 2020 WL 5518384 (S.D.N.Y. Sept. 14, 2020) ......................... 6

*In re 650 Fifth Ave.*,
   No. 1:08-cv-10934-RJH, 2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ............................ 6, 8

*In re Casgul of Nevada, Inc.*,
   22 B.R. 65 (B.A.P. 9th Cir. 1982) ............................................................................ 11

*In re Kossoff PLLC*,
   No. 21-10699-dsj (Bankr. S.D.N.Y., filed Apr. 13, 2021) ....................................... 3, 4, 10, 11

*In re Worldcom, Inc. Sec. Litig.*,
   Nos. 02 Civ. 3288(DLC), 02 Civ. 4816(DLC), 2002 WL 31729501 (S.D.N.Y.
   Dec. 5, 2002) ........................................................................................................... 7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
   676 F.3d 83 (2d Cir. 2012) ................................................................................... 6, 9

*Nat'l Coalition on Black Civic Participation v. Wohl*,
   No. 20 Civ. 8668 (VM), 2021 WL 694557 (S.D.N.Y. Feb. 22, 2021) ..................... 8

*Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389
   (S.D.N.Y. 2018)……………………………………………………………………………..5

*S.E.C. v. Brennan*,
   230 F.3d 65 (2d Cir. 2000) ............................................................................ 11, 12

*SSM Realty Grp. II LLC v. Kossoff PLLC, et al.*,
   No. 652305/2021 (N.Y. Sup. Ct. N.Y. Cty. June 28, 2021) ........................... 1, 2, 7, 10

4833-9420-6705

*Teachers Ins. & Annuity Ass'n v. Butler*,
  803 F.2d 61 (2d Cir. 1986)......................................................................................... 11

*Tr. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
  886 F. Supp. 1134 (S.D.N.Y. 1995)............................................................................. 6

*Travelers Cas. & Sur. Co. v. Vanderbilt Grp., LLC*,
  No. 01 CIV. 7927 (DLC), 01 CIV. 10695 (DLC), 2002 WL 844345 (S.D.N.Y.
  May 2, 2002).......................................................................................................... 1, 6

*Volmar Distribs., Inc. v. N.Y. Post Co.*,
  152 F.R.D. 36 (S.D.N.Y. 1993) ................................................................................... 6

<u>Statutes and Codes</u>

United States Code
  Title 11, Section 101(13) ...........................................................................................11
  Title 11, Section 101(41) ...........................................................................................11

<u>Rules and Regulations</u>

Federal Rules of Bankruptcy Procedure
  Rule 9001(5) ............................................................................................................. 10

4833-9420-6705

## PRELIMINARY STATEMENT

Defendant Mitchell H. Kossoff ("Kossoff") comes to this Court seeking an Order which, if granted, would effectively relieve him of his obligations to participate in the instant case, leaving his (now former) client hanging out to dry—yet again.  Plaintiff Gran Sabana Corporation N.V. ("Gran Sabana") initiated this action in early April seeking a return of its misappropriated escrow funds.  This action is straight forward: either Kossoff misappropriated Gran Sabana's escrow funds and needs to return those funds, or Kossoff denies the allegations and the case proceeds to what should be relatively short discovery and summary judgment or trial.  However, Kossoff simply seeks to avoid doing either.  A month after the case was initiated, Kossoff finally entered an appearance in this case and sought an extension of time to respond to Gran Sabana's complaint, to which Gran Sabana consented.  Kossoff's response was due on June 30, 2021.

Instead of responding, however, Kossoff filed the instant Order to Show Cause with this Court, in which he speculates that his Fifth Amendment rights against self-incrimination would be impeded if he were required to file a response to Gran Sabana's complaint.  Kossoff also argues that a separate bankruptcy proceeding, in which Kossoff is *not* the debtor, requires that the Court stay this case pending resolution of the bankruptcy.

Kossoff's arguments miss the mark.  *First*, courts in this district have made it abundantly clear that a stay of a civil proceeding is inappropriate "where the defendant has not been indicted but is under criminal investigation."  *See Travelers Cas. & Sur. Co. v. Vanderbilt Grp., LLC*, No. 01 CIV. 7927 (DLC), 01 CIV. 10695 (DLC), 2002 WL 844345, at *2 (S.D.N.Y. May 2, 2002). Indeed, one court recently rejected Kossoff's argument on these precise grounds.  *See, e.g.*, *SSM Realty Grp. II LLC v. Kossoff PLLC, et al.*, No. 652305/2021, Doc. No. 129 (N.Y. Sup. Ct. N.Y. Cty. June 28, 2021) (rejecting Kossoff's motion to stay because "there is no indication in the record

1

that actual criminal proceedings have been commenced and the primary document sought – financial records of his firm – cannot be withheld by him on Fifth Amendment grounds”).

Kossoff does not assert that he has been indicted, and instead admits that he is only under “investigation.”  *See, e.g.*, ECF No. 20-1 at 3.   Accordingly, the circumstances of this case do not warrant a stay, as Gran Sabana would suffer significant prejudice if it were not permitted to pursue its relief in this Court.  *See* Section I.B, *infra*.

*Second*, courts have routinely refused to grant a stay for officers, managers or partners of an entity that is in bankruptcy.  The simple fact is that Kossoff is not the debtor in the bankruptcy proceeding— *Kossoff PLLC* is.   A plain reading of the statutory provisions do not support Kossoff’s position and courts construing the definition of “debtor” under the Bankruptcy Code have repeatedly held that individual officers and partners do not qualify as the “debtor” for purposes of bankruptcy when the entity employing said individuals is placed into bankruptcy.  *See* Section II.A, *infra*.

For these reasons, and those discussed below, Kossoff’s Order to Show Cause should be denied and Kossoff should be required to respond to Gran Sabana’s complaint immediately or a default judgment entered.

## PROCEDURAL HISTORY

## I.     The Current Litigation

Gran Sabana is a corporation engaged in the business of purchasing, selling and renting real estate in New York.  (Compl. ¶ 5.)  Kossoff holds himself out as an experienced real estate attorney in the New York area.  (*Id.* ¶ 12.)  Kossoff is the managing member of Kossoff PLLC, a law firm located within this district.  (*Id.*)  At all relevant times, Kossoff was retained by Gran Sabana (in exchange for legal fees) to represent Gran Sabana’s interests in several real estate transactions and to hold Gran Sabana’s funds in an Escrow Account for Gran Sabana pending

closing of these transactions.  (*Id*. ¶¶ 13, 14.)  As Gran Sabana's attorney with sole control of the

escrow account, Kossoff exercised exclusive control over the Escrow Funds, which were held in

an IOLA Trust Account at Chase Bank.  (*Id*. ¶ 16.)

On April 7, 2021, Gran Sabana discovered that Kossoff had absconded with its escrow

funds – approximately $4.5 million – and that he (and Gran Sabana's escrow funds) were missing.

(*Id*. ¶ 23.)  In response to this information, Gran Sabana diligently retained counsel and filed a

complaint against Kossoff – and Kossoff only – in this Court on April 12, 2021.  *See* ECF No. 1.

Gran Sabana exerted significant efforts in notifying Kossoff regarding the pending action,

including effecting service of process on Kossoff at his personal residence.  *See* ECF No. 6; ECF

No. 12; ECF No. 13.

Upon entering an appearance in this case, counsel, on behalf of Kossoff, requested an

extension of time to respond to the complaint, to which Gran Sabana consented—despite the fact

that Kossoff's time to respond to the complaint had already passed.  *See* ECF No. 17.  On May 21,

2021, this Court entered an Order permitting Kossoff until June 30, 2021 to respond to Gran

Sabana's complaint.  *See* ECF No. 18.  On June 30, 2021, instead of responding to Gran Sabana's

complaint, Kossoff filed the instant Order to Show Cause for Temporary Restraining Order and

Preliminary Injunction, seeking a stay of this case based on Kossoff's perceived self-incrimination

concerns.  *See* ECF No. 20.

## II.    **The Kossoff PLLC Bankruptcy**

On April 13, 2021, Gran Sabana and other debtors initiated an involuntary bankruptcy

proceeding in the Southern District of New York against Kossoff PLLC (the "Debtor")—not

Kossoff individually.  *See In re Kossoff PLLC*, No. 21-10699-dsj (Bankr. S.D.N.Y., filed Apr. 13,

2021) (the "Kossoff PLLC Bankruptcy").  On May 24, 2021, the Chapter 7 Interim Trustee filed

an *Ex Parte* Application for an Order seeking, among other things, authorization to issue third-

party subpoenas for the production of documents.  *See* Kossoff PLLC Bankruptcy, ECF No. 26.

On May 26, 2021, the Debtor opposed the Interim Trustee's Application, arguing that the "Fifth

Amendment Privilege Against Self-Incrimination Protects [Kossoff] from the Requested Relief

Sought by the Trustee."  *See* Kossoff PLLC Bankruptcy, ECF No. 30.  On June 10, 2021, Judge

David S. Jones granted the Interim Trustee's Application, rejecting the Debtor's argument that

Kossoff's Fifth Amendment rights warranted tailored discovery.  *See* Kossoff PLLC Bankruptcy,

ECF No. 62 (ordering that the Chapter 7 Interim Trustee may issue subpoenas for production of

documents and obtain testimony).

In the Kossoff PLLC Bankruptcy, Kossoff has been designated the Responsible Officer of

the Debtor.  *See* Ex. E.[1]  However, as discussed below, this does not cloak Kossoff with the status

of a "debtor," as Kossoff PLLC is the only Debtor in the Kossoff PLLC Bankruptcy.

## **ARGUMENT**

### I.  **Kossoff has Not Met his Burden Warranting the Extraordinary Remedy of a Stay Based on Speculative Fifth Amendment Considerations**

A stay of a civil case to "permit conclusion of a related criminal prosecution has been

characterized as an extraordinary remedy."  *Bernard v. Lombardo*, No. 16 Cv. 863 (RMB), 2017

WL 2984022, at *2 (S.D.N.Y. June 9, 2017) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*,

676 F.3d 83, 98 (2d Cir. 2012)).  As the party seeking the stay, Kossoff "bears the burden of

establishing its need."  *Id.*  Absent a showing of "undue prejudice upon defendant or interference

with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to

diligently proceed to sustain its claim."  *Id.*

---

[1]  Citations to "Ex." refer to the Exhibits submitted with the Declaration of Christopher D. Skoczen, Esq. in support of Kossoff's Order to Show Cause for Temporary Restraining Order and Preliminary Injunction.  *See* ECF No. 20-1.

Indeed, stays of this nature are "rarely, if ever" required. *Id.* (quoting *Louis Vuitton*, 676 F.3d at 98). In evaluating whether a stay is appropriate, courts generally consider six factors, none of which are dispositive. *Id.* These factors include:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> (2) the status of the criminal case, including whether the defendant has been indicted;
>
> (3) the private interests of and burden on the defendants;
>
> (4) the private interests of the plaintiffs;
>
> (5) the interests of the courts; and
>
> (6) the public interest.

*Capak v. Epps*, No. 18-CV-4325 (RA), 2018 WL 6726553, at *3 (S.D.N.Y. Dec. 21, 2018); *accord Bernard*, 2017 WL 2984022, at *2.

As demonstrated below, all of these factors weigh against Kossoff's request for a stay.

## A.  Factors One and Two: Kossoff has not been Indicted

While Kossoff argues that "Plaintiff's allegations against [him] directly overlap with the pending criminal investigation and thus implicate [his] privilege to not admit or deny such allegations," the key factor here is that Kossoff *has not been indicted*. Courts have found this fact, standing alone, sufficient to deny a motion to stay. *See, e.g.*, *Bernard*, 2017 WL 2984022, at *3 ("There has been no indictment filed against [defendant], which weighs against a stay."); *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015) ("Importantly, the fact that Foster has not been indicted—the second factor of the balancing test—mitigates the concern associated with the factual overlap between the civil and criminal cases."); *Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 411 (S.D.N.Y. 2018) ("Courts in this district have generally refused to stay a civil proceeding where the defendant has

not been indicted but is under criminal investigation."); *In re 650 Fifth Ave.*, No. 1:08-cv-10934-RJH, 2011 WL 3586169, at *4 (S.D.N.Y. Aug. 12, 2011) (noting that "[p]re-indictment, these factors must be balanced significantly differently," because "the delay imposed on the plaintiff is potentially indefinite").

All of Kossoff's cited case law is distinguishable on this basis alone.  For instance, Kossoff cites *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993) for the proposition that "[a]s in *Volmar*, here the civil and criminal matters clearly overlap, and the plaintiffs have an interest in having [Kossoff] appear and produce discovery. However, as in *Volmar*, [Kossoff's] Fifth Amendment rights must be the most important consideration[.]"  *See* ECF No. 20-1 at ¶ 18.

However, unlike here, the defendants in *Volmar* had *already been indicted*.  *See Volmar*, 152 F.R.D. at 39; *see also Vanderbilt Grp.*, 2002 WL 844345, at *2 (citing *Volmar* and noting that courts have been "divided" over whether to "impose stays *after criminal indictments have been filed*.").[2]  The remainder of Kossoff's cited case law is distinguishable on the same grounds.  *See, e.g.*, *Doe v. Indyke*, No. 20cv00484 (JGK) (DF), 2020 WL 5518384, at *4 (S.D.N.Y. Sept. 14, 2020) (granting stay where the defendant, Ghislaine Maxwell, had already been "indicted by a grand jury," was "detained pending her criminal trial," and "her trial date ha[d] been set."); *Tr. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139-40 (S.D.N.Y. 1995) (finding that stay was appropriate where defendants "have been indicted" and "the Criminal Case should be completed by the end of this year, which would not unreasonably

---

[2]   Accordingly, even if Kossoff had been criminally indicted, the fact that a criminal case and a civil case involving the same individual defendant proceed simultaneously does not necessarily warrant a stay.  *See, e.g.*, *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1496 (S.D.N.Y. 1987) (refusing to impose stay when defendant was currently awaiting sentencing).  Indeed, one of the principal cases relied on by Kossoff – *Louis Vuitton*, 676 F.3d at 101 – affirmed a district court's denial of a stay even where the defendants "had been indicted in [a] parallel criminal proceeding when they sought the stay" and the "criminal trial was therefore reasonably imminent." *Id.*  Put simply, "[t]he existence of a civil defendant's Fifth Amendment right arising out of a related criminal proceeding thus does not strip the court in the civil action of its broad discretion to manage its docket." *Id.* at 98-99.

prolong this case"); *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288(DLC), 02 Civ. 4816(DLC), 2002 WL 31729501, at *5 (S.D.N.Y. Dec. 5, 2002) (staying case where defendant was "under indictment for the same conduct that is at the center of these civil actions.").

These circumstances are notably absent here and, thus, a stay is not warranted. *See Bernard*, *supra*.

**B.      Factor Three: The Burden on Kossoff is Minimal**

While the burden Kossoff claims to endure is self-evident from the nature of his Order to Show Cause, the fact that Kossoff is under criminal investigation does not provide him with immunity from answering Gran Sabana's complaint or participating in merits discovery.  Indeed, this case does not involve a governmental entity, but a private party who was a former client of Kossoff.  Accordingly, this is not a situation where the government is using "civil discovery as a cloak to conduct criminal discovery."  *Super Sayin' Pub.*, 86 F. Supp. 3d at 248 (finding that stay was not warranted where the government was not a party to the action); *accord Bernard*, 2017 WL 2984022, at *4 (burden on defendant was "minimal" because the government was not a party to the action).

Furthermore, Gran Sabana has not yet sought to depose Kossoff.  Rather, Kossoff is improperly seeking to avoid any participation in this process, starting with the basic legal requirement of responding to Gran Sabana's complaint.  Kossoff can respond to the complaint without implicating self-incrimination concerns.   Thereafter, Kossoff will have to produce responsive non-privileged documents in this matter.[3]

---

[3]  Gran Sabana does not waive any right to conduct discovery in this case through the filing of this Opposition.  As discussed below, the Fifth Amendment does not prevent Kossoff from producing documents in civil discovery. *See, e.g.*, *SSM Realty Grp. II LLC v. Kossoff PLLC, et al.*, No. 652305/2021, Doc. No. 129 (N.Y. Sup. Ct. N.Y. Cty. June 28, 2021) (holding that the Fifth Amendment does not protect Kossoff from producing documents).

### C.     Factor Four: Granting a Stay would result in Substantial Prejudice to Gran Sabana

Granting a stay in this case would result in substantial prejudice to Gran Sabana, as Kossoff has not even been indicted and, thus, the length of the stay would be "potentially indefinite." *In re 650 Fifth Ave.*, 2011 WL 3586169, at *4. Gran Sabana has "a clear interest in commencing discovery in order to pursue an expeditious resolution of [its] claims" (*see, e.g.*, *Super Sayin' Pub.*, 86 F. Supp. 3d at 248) and any further delay of this case due to Kossoff's speculation of a potential indictment do not warrant a stay of the case at this stage. Upon learning of the disappearance of its funds, Gran Sabana proceeded expeditiously in pursuing its rights against Kossoff, retained counsel, and filed the instant lawsuit. Thus, Kossoff's attempt to frustrate a speedy resolution of Gran Sabana's case militates against granting the stay. *See Bernard*, 2017 WL 2984022, at *3.

### D.     Factors Five and Six: The Interests of the Public and Judicial Interests Weigh Against a Stay

The final two factors – the interests of the public and the interests of the judiciary – weigh against a stay as well. As to the public interest, permitting Gran Sabana to proceed against Kossoff – Gran Sabana's former attorney who absconded with millions of Gran Sabana's escrow funds – is in furtherance of the public interest. *See, e.g.*, *Super Sayin' Pub.*, 86 F. Supp. 3d at 249 ("[T]he public interest in [parties] promptly recovering misappropriated funds is significant, particularly when weighed against the interest in a merely conjectural criminal prosecution.") (citing *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *3 (S.D.N.Y. Nov. 18, 1993)).

As to the interests of the judiciary, this Court has a "well-recognized interest in disposing of the causes on its docket with economy of time and effort." *Nat'l Coalition on Black Civic Participation v. Wohl*, No. 20 Civ. 8668 (VM), 2021 WL 694557, at *5 (S.D.N.Y. Feb. 22, 2021) (citing *Louis Vuitton*, 676 F.3d at 102); *accord Super Sayin' Pub.*, 86 F. Supp. 3d at 248 ("The Court has an interest in advancing its docket and does not wish to delay two civil cases during the

8

pendency of an investigation that may well lead nowhere and may take a most indeterminate amount of time.").

Accordingly, as demonstrated above, the six factors at issue in this Court's analysis militate against the granting of a stay because Kossoff's concerns about his Fifth Amendment rights are speculative in the absence of an indictment.

### E.     The Circumstances of the Case Militate Against the Stay

In addition to the six factors set forth above, courts also consider the unique circumstances of the case at bar in evaluating whether a stay is appropriate.  *See Louis Vuitton*, 676 F.3d at 99 (noting that evaluation of a motion to stay requires "a particularized inquiry into the circumstances of, and the competing interests in, the case.") (internal quotation and citation omitted).   The circumstances of this case are ones that implicate the most severe ethical violations of an attorney: the misappropriation of client funds.   Gran Sabana has a significant interest in obtaining an efficient resolution to this matter, which Kossoff has impeded by disappearing, refusing to return funds, and now refusing to participate in the legal process.   Thus, the stay should be denied outright as no Fifth Amendment right is implicated at this time.

Indeed, the Honorable Justice Schecter recently addressed this same issue in another matter against Kossoff.   There, Kossoff moved for a stay of the case, arguing that he should not be required to respond to several complaints due to ongoing criminal investigations into his alleged misconduct.   In denying Kossoff's motion, Justice Schecter held as follows:

> [T]here is no indication in the record that actual criminal proceedings have been commenced and the primary documents sought – financial records of his firm – cannot be withheld by him on Fifth Amendment grounds (*see Altman v. Bradley*, 184 A.D.2d 131, 135 [1st Dep't 1992]).  Indeed, Kossoff is in default because he has refused to answer the complaints and motions for default judgments have been filed; thus, there may not even be a need to invoke the Fifth Amendment at a deposition or trial.   Under these circumstances, in the exercise of discretion, a stay is denied.

4833-9420-6705

*SSM Realty Grp. II LLC v. Kossoff PLLC, et al.*, No. 652305/2021, Doc. No. 129 (N.Y. Sup. Ct. N.Y. Cty. June 28, 2021). The Court not only denied a stay, but entered a default judgment against Kossoff. *See id.*, Doc. No. 166 (granting two motions for default judgment against Kossoff, reasoning that Kossoff "refused to respond to the complaint by the June 11, 2021 court-ordered deadline notwithstanding the court's denial of his extension and stay applications").

Here, too, Kossoff has entered an appearance in this case and requested an extension of time to respond to the complaint (to which Gran Sabana consented) only to turn around and file a motion to stay on June 30, 2021—the day his response to the complaint was due, and *two days after* Justice Schecter rejected his same request. Accordingly, as in *SSM Realty*, Kossoff's request for a stay based on pending criminal investigations into his conduct should be denied.

## II. <u>A Stay Is Not Warranted Based on the Bankruptcy Filing Against Kossoff PLLC</u>

Kossoff has also moved to stay this case pursuant to the Kossoff PLLC Bankruptcy currently pending in the Bankruptcy Court for the Southern District of New York. *See* ECF No. 20-1 at 7-8. Kossoff's argument is premised on his flawed theory that he is the "debtor" in the Kossoff PLLC Bankruptcy. Based on a plain reading of the rules and well-established case law, however, Kossoff is not the "debtor," even if he is appointed as the Responsible Officer of the Debtor.

Kossoff claims that he qualifies as the "debtor" in the Kossoff PLLC Bankruptcy because the Federal Rules of Bankruptcy Procedure defines "debtor" as follows:

> When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, 'debtor' includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control; (B) if the debtor is a partnership, 'debtor' includes any or all of its general partners or, if designated by the court, any other person in control.

Fed. R. Bankr. Proc. 9001(5).

4833-9420-6705

This provision, however, simply applies to those who act for the debtor when the debtor is not a natural person.  The condition precedent to its application is unambiguous: "[w]hen *any act is required by these rules to be performed by a debtor* or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person." *Id.*  Accordingly, this procedural rule merely requires that members of a debtor corporation perform acts that the debtor corporation would have to perform in bankruptcy proceedings—it does not, as Kossoff argues, render Kossoff the "debtor" protected by the automatic stay.

Further, the applicable provision defining a debtor is contained in Section 101(13).  This section provides that a debtor is a "person or municipality concerning which a case under this title has been commenced." *See* 11 U.S.C. § 101(13).  "Person" is defined as an "individual, partnership, and corporation[.]" *See* 11 U.S.C. § 101(41).  Accordingly, Kossoff PLLC – a corporation – is the Debtor in the Kossoff PLLC Bankruptcy and, thus, the automatic stay does not extend to Kossoff as an individual, regardless of his relationship with Kossoff PLLC. *See, e.g.*, *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (declining to extend stay of action against debtor partnership to its co-defendants, non-debtor individual partners); *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982) ("We conclude that section 362(a) did not create an automatic stay in favor of the debtor's officer or their property.").

Kossoff's citation to *S.E.C. v. Brennan*, 230 F.3d 65 (2d Cir. 2000) misses the mark as it has no relevance to this case. *Brennan* does not even address the issue of whether a non-debtor is encompassed within the scope of an automatic stay. Rather, in *Brennan*, the "heart of the dispute" was whether the SEC's attempted enforcement of a repatriation order against an individual debtor fell within the "governmental unit exception" to the automatic stay provision of the Bankruptcy

Code.  *Id.* at 71.  At no point in the case did the Court address whether actions against a non-debtor

(there, the individual's former broker-dealer firm) could be encompassed within the automatic stay.

This is markedly different from the current situation.  Kossoff is not the debtor in

bankruptcy, Kossoff PLLC is.  Gran Sabana seeks relief against Kossoff in his individual capacity

for absconding with Gran Sabana's funds and has not named Kossoff PLLC as a defendant in this

case.  As demonstrated above, courts have repeatedly found that individual officers and/or partners

of an entity do not qualify as "debtors" for purposes of the automatic stay.  The Second Circuit's

analysis in *Brennan* does not change – let alone analyze – this well-established rule.  Kossoff has

provided no authority to the contrary.  Thus, for the foregoing reasons, Kossoff's request for a stay

should be denied.

## **CONCLUSION**

Based on the foregoing, Gran Sabana respectfully requests that the Court (1) deny

Kossoff's Order to Show Cause for Temporary Restraining Order and Preliminary Injunction in

its entirety, (2) order Kossoff to respond to Gran Sabana's complaint or face default judgment, and

(3) order any other relief that it deems just and proper.

Dated:      July 9, 2021

PILLSBURY WINTHROP SHAW PITTMAN LLP

BY:   */s/ Carolina A. Fornos*

Carolina A. Fornos
31 West 52nd Street
New York, NY 10019-6131
Tel.: 212-858-1000
Fax: 212-858-1500
carolina.fornos@pillsburylaw.com
*Attorneys for Plaintiff Gran Sabana*
*Corporation, N.V.*

4833-9420-6705