**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GRAN SABANA CORPORATION N.V.,

                        Plaintiff,

            v.

MITCHELL H. KOSSOFF,

                        Defendant.

> **USDC-SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC#:**
> **DATE FILED:** 08/17/2021

No. 21-CV-3154 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Mitchell H. Kossoff has moved for a stay of this civil action pending the outcome of an apparent criminal investigation by the Manhattan District Attorney's Office and pursuant to Section 362 of the Bankruptcy Code. *See* Dkt. 21.[1] For the reasons that follow, the motion is denied.

## BACKGROUND

On April 12, 2021, Gran Sabana Corp. filed this action against Kossoff for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, and legal malpractice. *See* Dkt. 1 ("Compl."). The complaint alleges as follows: Kossoff is the managing member of his law firm, Kossoff, PLLC. *Id.* ¶ 6. Around 2014, Gran Sabana retained Kossoff to assist in closing real estate transactions in New York City. *Id.* ¶ 12. As a part of its relationship with Kossoff, Gran Sabana would transfer funds to him to be held in escrow. *Id.* ¶ 13. This agreement was formalized with a written agreement executed by the parties on May 16, 2019. *Id.* ¶ 14. The

---

[1] Although Kossoff's motion is styled as an "Order to Show Cause for Temporary Restraining Order and Preliminary Injunction," the only injunctive relief he seeks is a "preliminary injunction . . . preventing the entry of any order in this matter as to Defendant pending the outcome of criminal investigation of Defendant and removal of the stay in the related bankruptcy proceeding." *See* Dkt. 21 at 1. The Court thus construes Kossoff's proposed order as a motion for a stay.

agreement specified an "IOLA trust account" as the "Escrow Account" that Kossoff agreed would hold the funds pending the closing date of the transactions. *Id*. ¶¶ 16-17. Kossoff exercised exclusive control over the IOLA trust account and all withdrawals or disbursements of these funds were to be made only upon receipt of a detailed instruction letter signed by Gran Sabana. *Id*. ¶¶ 19-20. Over the course of this arrangement, Gran Sabana placed more than $8M of its funds in escrow. *Id*. ¶ 15. On April 7, 2021, Gran Sabana was informed by a business associate of Kossoff that there were no escrow funds available for Gran Sabana to complete several contemplated real estate transactions, and that Kossoff's whereabouts were unknown. *Id*. ¶ 23. Kossoff allegedly had been siphoning off these funds for personal use. *Id*. At this time, Gran Sabana's funds in escrow totaled over $4M. *Id*. ¶ 26.

On April 19, 2021, on the basis of these allegations, as well as declarations and affidavits submitted by Plaintiff, the Court issued a preliminary injunction against Kossoff. Dkt. 14. The order enjoined Kossoff from using certain bank accounts that may contain the escrowed funds and from transferring his assets, and authorized expedited discovery. *Id*.

As it pursued the instant action, Gran Sabana and other petitioners also initiated an involuntary bankruptcy proceeding against Kossoff PLLC requesting an order for relief under Chapter 7 of the Bankruptcy Code. Def. Mot. to Stay, Ex. D; *see In re Kossoff PLLC*, No. 21-bk-10699 (DSJ) (Bankr. S.D.N.Y). On June 25, 2021, Kossoff was designated the Responsible Officer for Kossoff PLLC in that action. *See* Declaration of Christopher Skoczen in Support of Defendant's Motion for Stay ("Skoczen Decl."), Dkt. 21-1, ¶ 7.

At some point recently, Kossoff asserts, he came under criminal investigation by the District Attorney for the County of New York ("the DA"). *Id*. ¶ 4. On or about April 15, 2021, the DA obtained a search warrant in regards to allegations of grand larceny. *Id*.; *see also* Dkt. 21-

3 (Search Warrant). Kossoff's attorney in the criminal matter has submitted an affidavit attesting that the allegations at issue in this civil action are the same ones at issue in the criminal investigation. *See* Declaration of Walter Mack, Esq. ("Mack Decl."), Dkt. 21-4, ¶ 4 (stating that the DA's investigation involves "similar allegations regarding purported mishandling of escrow funds"). As of the date of this order, Kossoff has not been indicted.

Kossoff filed the instant motion on June 30, 2021, seeking a stay of this action pending the outcome of the criminal investigations, and also pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, which provides for an automatic stay of judicial proceedings against a debtor in bankruptcy. Gran Sabana filed a memorandum in opposition to the motion on July 9, 2021. *See* Dkt. 23.

## DISCUSSION

### I.     The Criminal Investigation Does Not Warrant a Stay of this Action

A district court may stay a civil action during the pendency of related criminal proceedings, but "the Constitution rarely, if ever, *requires* such a stay." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (citing *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986)). *See also Banks v. Yokemick*, 144 F. Supp. 2d 272, 275 (S.D.N.Y. 2001) ("While the Court has the power and discretion to stay a civil action pending the outcome of related criminal proceedings, such relief is not constitutionally mandated."). Such a stay "has been characterized as an extraordinary remedy" and requires "a showing of undue prejudice upon [a] defendant or interference with his constitutional rights." *Bernard v. Lombardo*, No. 16-CV-863 (RMB), 2017 WL 2984022 at *2 (S.D.N.Y. June 9, 2017) (quoting *Louis Vuitton*, 676 F.3d at 97-98). The party seeking the stay bears the burden of making that showing. *Id*.

To determine whether to grant a stay, courts in the Second Circuit often consider the following factors:

> 1) The extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (quoting *Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). *See also In re Worldcom, Inc. Sec. Litig*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501 at *4 (S.D.N.Y. Dec. 5, 2002); *Bernard*, 2017 WL 2984022, at *2; *In Re 650 Fifth Ave.*, No. 08-CV-10934 (RJH), 2011 WL 3586169 at *3 (S.D.N.Y. Aug 12, 2011). These factors serve as a "rough guide for the district court as it exercises its discretion." *Louis Vuitton*, 676 F.3d at 99. The ultimate decision requires "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id*. (quoting *Banks*, 144 F.Supp. 2d at 275).

Although the Court appreciates Kossoff's concerns about litigating this case while under criminal investigation, an examination of the governing factors persuades the Court that a stay is not appropriate at this time. First, the status of the criminal investigation weighs heavily against a stay. District courts in this Circuit have generally refused to stay a civil proceeding where, as here, the defendant is under criminal investigation but has not been indicted. *See Sterling Nat. Bank v. A-1 Hotels Int'l*, Inc., 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (Lynch, J.); *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015). Pre-indictment, "the likelihood that a defendant may make incriminating statements" is not as great as it would be after a defendant is indicted, *Transworld*, 886 F. Supp. at 1139, and the prejudice to the plaintiff from a stay is greater, seeing as the delay of the proceedings from a stay pending a criminal

prosecution that may never be brought is "potentially indefinite." *In Re 650 Fifth Ave*, 2011 WL 358169 at *4. For that reason, "whether the defendant has been indicted has been described as the most important factor to be considered in the balance of factors," *Doe v. Indyke*, No. 20-CV-484 (JGK) (DF), 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020), and indeed courts frequently deny stay motions on this ground alone, *see, e.g., Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993); *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992). Although the issuance of the search warrant suggests that the investigation is proceeding in earnest, the fact that Kossoff has not been indicted thus counsels against a stay.

Another significant factor to be considered is to what extent the issues in the criminal case overlap with those in the civil case. *See Transworld*, 886 F.Supp. at 1139. Here, Kossoff's attorney in the criminal matter asserts that the allegations in this case are directly related to those at issue in the criminal investigation. *See* Mack Decl. ¶ 4. If that is true—and the Court does not doubt that it is—this factor would weigh in favor of a stay. But where a civil defendant has not been indicted, it is difficult for a court to assess precisely the extent to which the criminal and civil matters overlap—an assessment that is usually made by comparing the allegations in the criminal indictment and the civil complaint. *See, e.g., Transworld*, 886 F. Supp. at 1139; *Worldcom*, 2002 WL 31729501, at *4; *Indyke*, 2020 WL 5518384, at *3. Although the Court assumes that the DA is investigating Kossoff for the same general events that gave rise to Plaintiff's action, it is not in a position to "guess what criminal acts [Kossoff] might be charged with," and therefore not in a position to determine with any precision to what extent the matters overlap. *Hakim*, 1993 WL 481335, at *2. Accordingly, although the apparent overlap between the civil and criminal matter weighs in favor of a stay, the Court does not place especially great

weight on this factor pre-indictment. *See Super Sayin'*, 86 F. Supp. 3d at 247 ("Importantly, the fact that Foster has not been indicted—the second factor of the balancing test—mitigates the concern associated with the factual overlap between the civil and criminal cases.").

The Court next must consider the relative interests of, and burdens on, the parties. *See Transworld*, 886 F.Supp. at 1139. Gran Sabana acted expeditiously to file the present lawsuit upon learning of the alleged disappearance of its funds, and immediately sought and obtained emergency relief on the basis that its long-term development plans, goodwill, and reputation continue to suffer without access to the funds at issue. The prejudice to Gran Sabana from a delay is therefore significant. Moreover, because Kossoff has not been indicted, a stay would mean a potentially indefinite delay of the action, depending on the complexity and length of the investigation. *In re 650 Fifth Ave.*, 2011 WL 3586169 at *4; *Transworld*, 886 F.Supp at 1139 (noting that after a defendant has been indicted, the prejudice to plaintiff of a stay is lessened, as the criminal case will need to be quickly resolved due to Speedy Trial Act considerations). At the same time, the burden on Kossoff is still speculative. Courts are concerned with the "extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment." *Bernard*, 2017 WL 2984022 at *4 (quoting *Louis Vuitton*, 676 F.3d at 97). Kossoff claims that any position he takes would impact his potential exposure in the criminal matter, and that he would have to exercise his Fifth Amendment right against self-incrimination, opening himself up to an adverse inference in the civil action. Def. Mot. to Stay ¶ 15. As Judge Stein remarked in *Super Sayin'*, "[a]lthough the Court is sensitive to [Kossoff's] unenviable position, there is no reason to think that a criminal prosecution is inevitable, and because the government is not a party to either of the civil actions, it will not be using civil discovery as a cloak to conduct criminal discovery." *Super Sayin'*, 86 F. Supp. 3d at 248 (quoting

*Hakim*, 1993 WL 481335 at *2). In light of these considerations, the Court concludes that Plaintiff's interests in proceeding expeditiously outweigh Kossoff's interests in staying the action.

Finally, the interests of the courts and the public weigh against a stay. The Court has a "well-recognized interest in disposing 'of the causes on its docket with economy of time and effort for itself." *Louis Vuitton*, 676 F.3d at at 104 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The public, too, has an interest in the prompt recovery of misappropriated funds. *See Super Sayin'*, 86 F.Supp 3d at 249. Despite a potential overlap between the criminal and civil matters, particularly in the absence of an indictment, the balance of the factors weighs against Kossoff's application for a stay.

The Court wishes to emphasize that a blanket stay of the civil action is not the only means of safeguarding Kossoff's rights and assuaging the legitimate concerns he may harbor. *See Louis Vuitton*, 676 F.3d at 102 (contemplating "alternative forms of relief, such as tailored stays, protective orders, quashing or modifying subpoenas, sealing confidential material, or even a renewed motion for a stay if specific impositions presented themselves"); *U.S. Commodity Futures Trading Comm'n v. Lamarco*, No. 2:17-CV-4087 (ADS), 2018 WL 2103208, at *5 (E.D.N.Y. May 7, 2018) (denying motion to stay civil case pending criminal proceedings, but explaining that "the Court will be able to tailor discovery to avoid undue prejudice"); *Hakim*, 1993 WL 481335, at *3 (denying stay where defendant could be protected by way of "less extreme" measures such as sealing or limiting the use of depositions and interrogatory responses); Alvin Hellerstein & Gary Naftalis, *Private Civil Actions and Concurrent or Subsequent Regulatory or Criminal Proceedings,* SG046 ALI–ABA 903, 957 (2001) (discussing alternative measures, "short of a complete stay," that courts have used to safeguard a defendant's

interests). As detailed in the concluding section to this order, the Court intends to refer discovery

in this case to Magistrate Judge Robert Lehrburger, who will be authorized in his discretion to

strike an appropriate balance between the interests and rights of the parties in this regard.

## II.     The Bankruptcy Proceeding Does Not Warrant a Stay of this Action

Kossoff's argument that the involuntary bankruptcy proceeding involving of Kossoff

PLLC requires a stay also fails. The automatic stay provision of the Bankruptcy Code provides

as follows:

> A petition filed under section … 303 of this title … operates as a stay, applicable to all
> entities of
>
> (1) The commencement or continuation, including the issuance or employment of
> process, of a judicial, administrative, or other action or proceeding *against the debtor*
> that was or could have been commenced before the commencement of the case under
> this title, or to recover a claim against the debtor that arose before the commencement
> of the case under this title; . . .
>
> (3) Any act to obtain possession of property of the estate or of property from the estate or
> to exercise control over property of the estate…

11 U.S.C. § 362 (emphasis added). Although the provision requires that a civil lawsuit against

the debtor must be stayed, Kossoff is not the debtor—his law firm is. *See* Dkt. 21-5 at 3. It is

well settled that when the debtor is a partnership, a Section 362 stay does not normally extend to

the individual partners. *See Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.

1986); *Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07 CIV. 9931 WHP, 2012 WL 2389751, at *1

(S.D.N.Y. June 25, 2012) ("In general, automatic stays under the Bankruptcy Code are limited to

debtors and do not extend to officers and principals of the debtor."); *Patton v. Bearden*, 8 F.3d

343, 348 (6th Cir. 1993) ("[D]efendants' mere status as general partners does not entitle them to

protection under the automatic stay of the debtor-partnership.").

Attempting to circumvent this established principle, Kossoff raises an unsupported argument that he actually is a debtor entitled to the Section 362 stay, relying on Rule 9001(5) of the Federal Rules of Bankruptcy Procedure. That provision states:

> "Debtor." *When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person*: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control; (B) if the debtor is a partnership, "debtor" includes any or all of its general partners or, if designated by the court, any other person in control.

Fed. R. Bankr. P. 9001(5) (emphasis added). In context, the purpose of that rule is plainly to define who must act for and appear on behalf of a debtor in bankruptcy proceedings when the debtor is not a natural person. Kossoff cites no cases in support of his novel argument that this section somehow means that a bankruptcy stay extends to "any or all of [a partnership's] general partners or . . . any other person in control," which, as noted above, is not what the law provides. *See Teachers Ins.*, 803 F. 2d at 65. The Court accordingly concludes that Kossoff is not entitled to a stay on the basis of his status as a partner or as the designated Responsible Officer of the debtor, Kossoff PLLC.

## CONCLUSION

For the foregoing reasons, Kossoff's motion to stay is denied without prejudice. By separate order, this action will be referred to Magistrate Judge Robert Lehrburger for general pretrial supervision. Judge Lehrburger, in his discretion, is authorized to "tailor discovery to avoid undue prejudice," *Lamarco*, 2018 WL 2103208, at *5, or to adopt other measures necessary to safeguard Kossoff's rights, while also bearing in mind Gran Sabana's "interests . . . in proceeding expeditiously," *Transworld*, 886 F. Supp. at 1139. Kossoff's deadline to answer or

otherwise respond to the complaint is *sua sponte* extended for an additional thirty days from the

date of this order.

SO ORDERED.

Dated:   August 17, 2021
        New York, New York

Ronnie Abrams
United States District Judge